# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| YAODI HU, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 07 C 844 |
|     v. ) | |
| ) | Judge Ronald A. Guzmán |
| PARK NATIONAL BANK c/o ) | |
| FIRST NATIONAL BANK OF ) | |
| OAK PARK and DONALD R. ) | |
| NICHOLS, Postmaster, in his ) | |
| personal capacity, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Yaodi Hu has sued Park National Bank and Donald R. Nichols, Postmaster of the United States Postal Service for their alleged violations of the Right to Financial Privacy Act, 12 U.S.C. § 3402, and his Fourteenth Amendment due process rights. The case is before the Court on plaintiff's motion pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) to file a second amended complaint, adding seven new defendants and thirteen new claims. For the reasons set forth below, the Court denies the motion.

## Background

On February 25, 2005, Hu deposited five postal money orders, each in the amount of $1,000.00, into his Park National account. (Am. Compl. ¶ 7.) Park National assured Hu that the money orders had cleared and the deposited funds were available. (*Id.* ¶¶ 8-9.) On March 15, 2005, Hu withdrew $2,600.00 from the account. (*Id.* ¶ 9.) Approximately two weeks later, Hu received

ten additional $1,000.00 postal money orders and deposited three of them into his Park National account. (*Id.* ¶¶ 10-11.)

Subsequently, Hu took the other seven money orders to the U.S. Post Office branch in the Village of Maywood. (*Id.* ¶ 11.) A clerk told Hu that the branch did not have sufficient funds on hand to cash them. (*Id.*) Nonetheless, Hu says, he insisted that defendant Nichols examine the money orders so he could cash them at another location. (*Id.*)

After inspecting them, Nichols determined that each of the seven money orders was counterfeit. (*Id.*) Hu explained to Nichols that the same individual who had sent him the seven counterfeit money orders had also sent him other money orders that Park National had determined to be authentic. (*Id.* ¶ 12.) Though he had not examined them, Nichols told Hu that the money orders Hu had previously deposited with Park National were also counterfeit. (*Id.*)

According to Hu, Nichols' suspicions caused an unidentified "John Doe" bank to reverse its credit to Bank One, which reversed its credit to Park National, which in turn reversed the $5,000.00 credit to Hu's account, leaving him with a negative balance of $3,380.00. (*Id.* ¶¶ 13-14; Proposed Second Am. Compl. ¶¶ 31-34.) Hu says that none of the banks involved actually examined the first group of money orders to determine if they were authentic, choosing instead to rely on the information provided by Nichols, who had also not examined those orders. (Proposed Second Am. Compl. ¶ 44.)

On July 29, 2005, Park National filed a lawsuit against Hu in state court to recover the deficiency in his account. (Am. Compl. at ¶ 37.) Hu claims that the state suit is frivolous. (Proposed Second Am Compl. ¶ 45.)

2

Hu now seeks to add seven new defendants: the U.S. Postal Service and U.S. Postmaster General John Potter; Brian Lewis, John Buscher and their law firm, Walinski & Trunkett, P.C., who represent Park National in the state suit; and the "John Doe" bank, and J.P. Morgan Chase Bank, formerly Bank One. He also wants to add more than a dozen new claims for violations of: (1) his rights under the Fourth and Fifth Amendments, the equal protection clause of the Fourteenth Amendment, and 42 U.S.C. § 1981; (2) federal criminal statutes and state banking statutes; and (3) state tort and contract law.

## Discussion

Rule 15 instructs the Court to grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). But, if the proposed amendment would unduly prejudice the opposing party, the motion to amend should be denied. *See Campania Mgm't Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002). An amendment may be unduly prejudicial if it adds "entirely new and separate claims . . . [or] new parties" or "would require expensive and time-consuming new discovery." *Conroy Datsun Ltd. v. Nissan Motor Corp.,* 506 F. Supp. 1051, 1054 (N.D. Ill. 1980) (quotation omitted); *see Feldman v. Allegheny Int'l, Inc.,* 850 F.2d 1217, 1225 (7th Cir. 1988).

Such is the case here. Hu filed this case ten months ago, and fact discovery closed in November. Allowing plaintiff, at this late date, to add seven defendants and a myriad of new claims would greatly protract the time and resources consumed by this litigation. In his current complaint, Hu alleges that Park National released his bank records to Nichols in violation of the Right to Financial Privacy Act and unconstitutionally deprived him of the money he had deposited in his account. The additional claims Hu proposes go far afield of that subject matter. He seeks to allege

3

that: (1) Park National conspired with proposed defendants Potter, J.P. Morgan Chase Bank and John Doe bank to deprive him of his funds in violation of the Fifth Amendment; (2) defendant Nichols violated his Fourth Amendment rights by examining his bank records without a warrant; (3) Park National violated his Fourteenth Amendment rights by treating his money order deposits differently than other deposits; (4) Park National committed criminal mail fraud and violated the criminal RICO statute; (5) Park National failed to comply with various federal banking regulations; (6) Park National and the proposed defendant banks violated Illinois law by failing to honor the money orders Hu deposited; (7) the current and proposed defendants discriminated against Hu on the basis of his race in violation of 42 U.S.C. § 1981; (8) Park National and the proposed law firm and attorney defendants intentionally inflicted emotional distress on Hu; (9) Park National breached its contract with, and fiduciary duty to, Hu; and (10) the existing defendants and proposed defendants J.P. Morgan Chase Bank and the U.S. Postal Service defamed Hu. If the Court allows Hu to add these claims and defendants, Park National will have to expend a substantial amount of money on additional discovery and motion practice, and the resolution of the case will be delayed indefinitely. Because allowing Hu to amend the complaint would be unduly prejudicial to Park National, the Court denies his motion for leave to amend.

## Conclusion

For the reasons set forth above, plaintiff's motion for leave to amend [doc. no. 48] is denied.

SO ORDERED.                    ENTERED: 3/13/08


_____
HON. RONALD A. GUZMAN
United States District Judge